Dear Mayor Aplin:
We are in receipt of your request for an Attorney General's opinion regarding your anticipated resignation and vacancy in office. We will paraphrase the facts as follows: You plan to resign as Mayor on September 21, 1993 due to an out-of-state career change. Your term of office expires December 31, 1994. Specifically you have asked the following questions:
 1. Will a special election be required to fill the vacancy or may the council fill the unexpired term by an appointment?
 2. The town is not financially able to hold a special election, are there any alternatives?
 3. May the council appoint the ex-mayor, who also happens to be my father, and if so, can he run for the office at the regularly scheduled election in the fall of 1994?
In response to your first question, LSA-R.S. 18:602 provides for vacancies in local offices and requires the governing authority of the local governmental subdivision to appoint a qualified person to fill a vacancy in the office of Mayor within ten days of the vacancy. If the local governing authority fails to make an appointment within ten days, the governor is required to make the appointment. Paragraph (E)(2) requires a special election to be called within ten days after the vacancy occurs if the unexpired term exceeds one year, which is the case in this matter. Being that a special election will be required, the appointee shall serve only until his successor is elected and takes office. (R.S. 18:602(E)(3))
In response to your second question, LSA-R.S. 18:602(E)(4) states:
 If the unexpired term of a municipal office covered by Subsection A (local office) is one year or more, but the vacancy occurs within one year of the regular municipal primary election for that office, no special election will be called and the appointee shall serve for the remainder of the term of office.
The local elections in the Village of Harrisonburg are held concurrently with the Congressional elections, and the regular municipal primary election for the Village of Harrisonburg is October 1, 1994. Therefore, even though your unexpired term for the office of Mayor exceeds one year, if you were to retire after October 1, 1993, rather than September 21, 1993, no special election will be called.
In response to your third and final question, we find no law which prohibits an appointee to a local municipal office from qualifying as a candidate at the election to fill the vacancy of the office. Further, Louisiana law requires that the governing authority appoint a person who meets the qualifications of office. (LSA-R.S. 18:602(A)) Therefore, if the ex-mayor is qualified for the office, then he is qualified to be appointed by the governing authority, regardless of your kinship. We hope that we have sufficiently answered your questions, and if we can be of further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/lg